UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>            Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | No. 2:13-cv-2187-KJN<br><br><br><br>ORDER |

        On October 21, 2013, plaintiff Jean Marc Van den Heuvel ("plaintiff"), proceeding without counsel, commenced this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). (ECF No. 1.) On October 24, 2013, the court granted plaintiff's request to proceed in forma pauperis and directed service upon the Commissioner by the U.S. Marshal. (ECF No. 3.) The court also issued a scheduling order, which set various deadlines in the case. (ECF No. 4.) In particular, the scheduling order required plaintiff to file a motion for summary judgment and/or remand within 45 days from being served with a copy of the administrative record. (ECF No. 4 at 2.) The court also ordered the parties to complete and file the "Consent to Assignment or Request for Reassignment" form within 90 days, indicating whether the parties consent to the jurisdiction of a magistrate judge to conduct all proceedings and enter judgment in the case. (ECF No. 4-1.) The court's October 24, 2013 scheduling order expressly stated that failure to adhere to scheduling deadlines "may result in

sanctions, including dismissal. L.R. 110. Plaintiff has an affirmative duty to prosecute this action, and failure to do so may result in a dismissal for lack of prosecution. Fed. R. Civ. P. 41(b). Requests to modify this order must be made by written motion." (ECF No. 4 at 3-4.)

Subsequently, on October 29, 2013, plaintiff filed a document styled as a "First Amended Complaint," to which plaintiff attached a number of additional medical records he claims were not before the Administrative Law Judge during the administrative hearing on plaintiff's application. (ECF No. 7.) On February 18, 2014, the Commissioner filed an answer and lodged the administrative transcript. (ECF Nos. 14, 15.) Copies of these filings were served on plaintiff via mail at his address of record. (ECF No. 15-1.) On March 5, 2014, plaintiff filed another document styled as an "Answer to Defendant's Answer," wherein plaintiff requests that the court consider additional medical records "not included in defendant's answer." (ECF No. 16.) On August 5, 2014, plaintiff made his most recent filing, a document styled as plaintiff's "Second Amended Complaint," which appears to include even more records plaintiff claims were not considered during administrative proceedings. (ECF No. 18.)

To date, the court's records show that plaintiff has failed to file a motion for summary judgment and/or remand, and has failed to complete and file the "Consent to Assignment or Request for Reassignment" form, in accordance with the court's orders. While the court could construe plaintiff's "Second Amended Complaint" as a motion for summary judgment, plaintiff did not file this document with the court until more than 45 days from being served with the with a copy of the administrative record, in violation of the court's October 24, 2013 scheduling order. Furthermore, it appears that plaintiff only seeks to have the court consider new evidence outside of the administrative record, which would be more appropriately characterized as a request to the Commissioner for voluntary remand.[1] Nevertheless, although plaintiff's case is subject to dismissal for failure to prosecute and failure to follow the court's orders, the court finds it appropriate, particularly in light of plaintiff's pro se status, to provide plaintiff with an additional

---

[1] Plaintiff also has not complied with the procedure and deadlines for a request for voluntary remand, which were outlined in the court's October 24, 2013 scheduling order. (See ECF No. 4 at 2.)

2

opportunity to file a motion for summary judgment and/or remand.  Accordingly, ***within 30 days*** from the date of this order, plaintiff shall either:

(a) File a motion for summary judgment and/or remand, outlining all his arguments, based on the ***evidence in the administrative record***, why the Commissioner's decision to deny benefits was erroneous or not supported by substantial evidence in the record as a whole;

OR

(b) If plaintiff has ***new evidence outside the administrative record***, plaintiff may submit copies of the new evidence with a written request for voluntary remand to the Commissioner's counsel, Annabelle J. Yang, Social Security Administration, Office of the General Counsel, 160 Spear Street, Suite 800, San Francisco, CA 94105.  Plaintiff shall also file a copy of the request for voluntary remand with the court, but shall not file copies of the new evidence itself with the court.  Within 30 days from the date of service with the request for voluntary remand and new evidence, the Commissioner shall notify plaintiff and the court whether or not the case will be voluntarily remanded.  If the Commissioner declines to voluntarily remand the case, plaintiff shall file a motion for summary judgment and/or remand with this court ***within 30 days*** from notification by the Commissioner that voluntary remand was declined.

      The Commissioner's opposition to plaintiff's motion for summary judgment, if any, shall be filed within 30 days from service of plaintiff's motion.  Plaintiff's reply brief, if any, shall be filed ***within 21 days*** from service of defendant's opposition.  The court anticipates deciding the motions on the papers and will not schedule a hearing or oral argument, unless a party specifically requests oral argument or the court otherwise deems it necessary.

      For specific requirements regarding what a motion for summary judgment brief should contain, the parties shall consult paragraph 6 of the court's initial October 24, 2013 scheduling order.  (ECF No. 4.)  However, the parties are advised that the scheduling deadlines set in this order will trump any different or inconsistent deadlines set in the initial scheduling order.  Because this case has already been significantly delayed, *the parties shall strictly adhere to the above scheduling deadlines and are cautioned that the court will be disinclined to allow any further significant extensions of deadlines*.  Although the court has sympathy for the difficulties

1   that a pro se litigant faces in prosecuting an action in federal court, and liberally construes a pro
2   se litigant's pleadings, plaintiff will be required to follow the Federal Rules of Civil Procedure,
3   the court's Local Rules, and the court's orders.  Failure to do so may result in the imposition of
4   appropriate sanctions, including a recommendation that the action be dismissed pursuant to
5   Federal Rule of Civil Procedure 41(b) or that a default judgment be entered, as applicable.

6          Additionally, the court notes that plaintiff has submitted certain documentary evidence
7   through multiple filings in this case and has stated that he is seeking to have the court consider
8   these additional records.  (ECF Nos. 7, 12, 16, 18.)  Plaintiff is cautioned that the court, in
9   reviewing final decisions by the Commissioner, is generally constrained to review only evidence
10  that appears in the administrative record.  If plaintiff determines that he has additional relevant
11  and material evidence that does not appear in the administrative record, that evidence should be
12  submitted to the Commissioner along with a written request for a voluntary remand, as discussed
13  above, and not filed with the court.  Accordingly, the court will disregard the additional evidence
14  submitted as part of plaintiff's filings.

15         Finally, the court observes that plaintiff has not addressed the issue of whether or not
16  plaintiff is willing to consent to the jurisdiction of a United States Magistrate Judge for all further
17  proceedings, including the entry of a final judgment, pursuant to 28 U.S.C. § 636(c).  The Clerk is
18  directed to promptly send plaintiff another copy of the "Consent to Assignment or Request for
19  Reassignment" form, which plaintiff shall complete and file with the court ***within 30 days***.

20         Accordingly, in light of the above, IT IS HEREBY ORDERED that:
21         1. ***Within 30 days*** from the date of this order, plaintiff shall either:
22            (a) File a motion for summary judgment and/or remand, outlining all her
23           arguments, based on the ***evidence in the administrative record***, why the Commissioner's
24           decision to deny benefits was erroneous or not supported by substantial evidence in the
25           record as a whole;
26  OR
27            (b) If plaintiff has ***new evidence outside the administrative record***, plaintiff may
28           submit copies of the new evidence with a written request for voluntary remand to the

1  Commissioner's counsel, Annabelle J. Yang, Social Security Administration, Office of the
2  General Counsel, 160 Spear Street, Suite 800, San Francisco, CA 94105.  Plaintiff shall
3  also file a copy of the request for voluntary remand with the court, but shall not file copies
4  of the new evidence itself with the court. Within 30 days from the date of service with the
5  request for voluntary remand and new evidence, the Commissioner shall notify plaintiff
6  and the court whether or not the case will be voluntarily remanded.  If the Commissioner
7  declines to voluntarily remand the case, plaintiff shall file a motion for summary judgment
8  and/or remand with this court ***within 30 days*** from notification by the Commissioner that
9  voluntary remand was declined.

10  2.  The Commissioner's opposition to plaintiff's motion for summary judgment, if any,
11 shall be filed within 30 days from service of plaintiff's motion.

12  3.  Plaintiff's reply brief, if any, shall be filed ***within 21 days*** from service of the
13 Commissioner's opposition.

14  4.  The evidence submitted along with plaintiff's filings at ECF Nos. 7, 12, 16, and 18 are
15 DISREGARDED.

16  5.  The Clerk of Court shall serve on plaintiff, along with this order, a copy of the initial
17 October 24, 2013, scheduling order and a blank "Consent to Assignment or Request for
18 Reassignment" form.  Plaintiff shall file a completed copy of that form with the court ***within 30***
19 ***days*** of this order.

20  6.  Failure to abide by these deadlines, or failure to follow the Federal Rules of Civil
21 Procedure, the court's Local Rules, or any court orders, may result in the imposition of
22 appropriate sanctions, including dismissal of the case pursuant to Federal Rule of Civil Procedure
23 41(b) or default judgment, as applicable.

24  IT IS SO ORDERED.

25 Dated:  August 8, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE